**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**ALEKSANDR MELNIKOV #A249-130-397**      **CASE NO.  3:26-CV-00263 SEC P**

**VERSUS**                                **JUDGE JERRY EDWARDS**

**WARDEN JACKSON PARISH**                 **MAGISTRATE JUDGE DAVID J. AYO**
**CORRECTIONAL CENTER**

**MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1] filed by *pro se* Petitioner Aleksandr Melnikov ("Melnikov"), an immigration detainee at Jackson Parish Correctional Center in Jonesboro, Louisiana.  Melnikov seeks immediate release from post-removal order detention.

Melnikov provides no information regarding his nationality and citizenship.  He alleges that an immigration judge ordered him removed to an unspecified country on June 18, 2025.  [Doc. 1 at 2].

Once an alien is ordered removed, the Government must physically remove him from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable.  *Id.*

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing.  A petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702.

Melnikov does not allege any reasons why his removal is unlikely to occur in the reasonably foreseeable future.

Therefore, IT IS ORDERED that Melnikov AMEND the Petition with 30 days to provide information regarding his nationality and citizenship; the country to which he was ordered removed; and any reasons why he believes his removal is not significantly likely to occur in the reasonably foreseeable future.  Melnikov should also provide copies of his removal order, and any other documents to support his Petition.

THUS DONE in Chambers on this 17th day of March, 2026.

David J. Ayo
United States Magistrate Judge